No. 6724.

STATE EX REL. MARY E. BROWN ET AL. VS. PARISH JUDGE OF IBERVILLE PARISH.

Where a motion in open court for a suspensive appeal has been refused, and the mover, pending the term of court at which his motion was refused, makes no application to this court for relief, he can not obtain a mandamus to compel the successor of the judge who refused his motion, at a subsequent term of the court, to grant the appeal,

It is too late to apply to this court for a mandamus to compel an appeal to be granted, when the term of this court, at which the appeal was asked to be made returnable, has expired, without any effort having been made by the applicant to obtain relief from this tribunal.

APPLICATION for a writ of mandamus.

*Barrow & Pope*, for relators.

Respondent for himself.

The opinion of the court was delivered by

EGAN, J. Judgment was rendered in the parish court of Iberville by James L. Cole, then parish judge, on the twelfth of December, 1876, in the partition suit of Julia A. Ventress, individually, etc., vs. Isaac D. Brown et al., heirs of James N. Brown. On the same day the relator moved in open court for an appeal, suspensive *or* devolutive, which motion was overruled and the appeal refused. The relator asked for no order of prohibition or mandamus against the judge so refusing the

appeal. The term of court expired at which the motion was made and judgment rendered, as did also the term of the judge who refused the order, and he was regularly succeeded by James Crowell, the defendant in these proceedings. The relators do not even allege that they ever applied for any other or subsequent order either to the former or to the present parish judge, nor do they allege any state of facts which placed it beyond their power to seek the relief provided by law to enable them to assert and obtain a suspensive appeal within the time fixed by the statute or to avail themselves of any ' right growing out of the motion for appeal made by them in open court at the term at which the judgment was rendered. Under this state of facts the defendant Crowell very properly answers that the term of court at which the motion for appeal was made having adjourned *sine die*, the matter had passed beyond his reach. In other words, that it was too late after its adjournment to change the orders made at that term, and that it was not his province at this time to revise the acts and orders of his predecessor in the premises.

Under this state of facts it is apparent that the present parish judge is not in default, and that mandamus will not lie against him. Indeed, he says in his answer that had he been the judge of the court at the time of the motion for appeal he would have granted it. The relators obtained the provisional order of mandamus in these cases on the twenty-fourth of October of the present year. By their own showing it is now too late for a suspensive appeal; the term of this court to which the appeal was asked for has passed without any effort on the part of the relators to correct the alleged error in refusing appeal, and an order could not at this time be granted to have effect *nunc pro tunc* either for suspensive or devolutive appeal; and they could no doubt obtain a devolutive appeal by proper application to the present judge of the court *a qua*, as it is within twelve months.

It is therefore ordered, adjudged, and decreed that the complaint be dismissed and the writ of mandamus be discharged at the cost of the relators.